**EXHIBIT A**

FILED
07-08-2021
John Barrett
Clerk of Circuit Court
2021CV004009
Honorable David
Swanson-11
Branch 11

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

**DAKOTA DANIELS, As Informal**
**Administrator of the Estate of**
**ZACHARY DASSOW, Deceased, and as**
**next friend for PRESLEY DANIELS,**
24841 Adams Street,
Kansasville, WI 53139

Plaintiff,

vs.

**RYAN COMPANIES US, INC.,**
a foreign corporation,
901 South Whitney Way
Madison, WI 53711

**AMAZON.COM SERVICES, LLC,**
a foreign corporation,
8040 Excelsior Drive
Suite 400
Madison WI 53717

**AMAZON.COM SERVICES, INC.,**
a foreign corporation,
410 Terry Avenue North
Seattle, WA 98109

**COMMERCE 94 PROJECT, LLC,**
a foreign corporation,
9800 Hillwood Pkwy
Suite 300
Fort Worth, TX 76177

Case No.:
Case Code: 30107
Personal Injury - Other

Plaintiff Demands 12-person Jury

The amount claimed exceeds
the amount under §799.01(1)(d)

Defendants.

---

## SUMMONS

---

THE STATE OF WISCONSIN

To Each Person Named Above as an Involuntary Plaintiff or Defendant:

YOU ARE HEREBY NOTIFIED that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

Within forty-five (45) days after receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Circuit Court for Milwaukee County whose address is 901 N. 9th Street, Milwaukee, Wisconsin 53233 and to the Plaintiff's attorneys, Taxman, Pollock, Murray & Bekkerman, LLC, whose address is 225 W. Wacker Dr., Suite 1650, Chicago, IL 60606. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Chicago, Illinois this 8th day of July, 2021.

**Taxman, Pollock Murray & Bekkerman, LLC**

By: _____
Mackenzie J. Mahony

TAXMAN, POLLOCK, MURRAY,
AND BEKKERMAN, LLC
225 W Wacker Drive Suite #1650
Chicago, IL 60606
P: 312.586.1700
F: 312.586.1701
SBN: 1124674
smurray@tpmblegal.com
ccameron@tpmblegal.com
mmahony@tpmblegal.com

2

FILED
07-08-2021
John Barrett
Clerk of Circuit Court
2021CV004009
Honorable David
Swanson-11
Branch 11

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

**DAKOTA DANIELS, As Informal
Administrator of the Estate of
ZACHARY DASSOW, Deceased, and as
next friend for PRESLEY DANIELS,**
24841 Adams Street,
Kansasville, WI 53139

Plaintiff,

vs.

**RYAN COMPANIES US, INC.,**
a foreign corporation,
901 South Whitney Way
Madison, WI 53711


**AMAZON.COM SERVICES, LLC,**
a foreign corporation,
8040 Excelsior Drive
Suite 400
Madison WI 53717


**AMAZON.COM SERVICES, INC.,**
a foreign corporation,
410 Terry Avenue North
Seattle, WA 98109


**COMMERCE 94 PROJECT, LLC,**
a foreign corporation,
9800 Hillwood Pkwy
Suite 300
Fort Worth, TX 76177

Defendants.

Case No.:
Case Code: 30107
Personal Injury - Other

Plaintiff Demands 12-person Jury

The amount claimed exceeds
the amount under §799.01(1)(d)

---

<h2>COMPLAINT AT LAW</h2>

---

NOW COMES the Plaintiff, **DAKOTA DANIELS, As Informal Administrator**

**of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY**

3

**DANIELS**, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC and brings her Complaint at Law against the Defendants, **RYAN COMPANIES US, INC., a Minnesota Corporation, AMAZON.COM SERVICES, LLC, a Delaware Corporation, AMAZON.COM SERVICES, INC., a Delaware Corporation,** and **COMMERCE 94 PROJECT, LLC, a Delaware Limited Liability Company**. In support thereof, the Plaintiff states as follows:

<u>Count I – Wrongful Death – Premises Liability</u>
**Daniels v. Ryan Companies US, Inc.**

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Ryan Companies US, Inc., a foreign corporation, (hereinafter "RYAN") states as follows:

1.      At all times relevant and material, the Defendant, RYAN, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.      At all times relevant and material, the Defendant RYAN, was a construction company and/or building contractor engaged in the business of construction work in the State of Wisconsin.

3.      At all times relevant and material, the Defendant RYAN, regularly transacted business in the County of Milwaukee, State of Wisconsin.

4.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN, contracted to perform certain construction services to the building

4

located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN employed various individuals and/or agents who controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN owned, possessed, operated, managed, inspected, planned, maintained, and controlled, the commercial alteration and/or addition to the building on the Premises.

7.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN had a duty to use ordinary care in their ownership, possession, operation, management, inspection, planning, maintenance, design, and control of the Premises for the safety of those lawfully on the Premises, including Zachary Dassow.

8.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

9.      That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises to perform construction work.

5

10.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was an employee, frequenter, and/or invitee, as these terms are defined in Wis. Stats. §101.01, at the Premises where his injury occurred.

11.     That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

12.     Zachary Dassow suffered a 50-foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

13.     That on or about July 20, 2019, the Defendant, RYAN, retained control of the work, including the work that the Plaintiff, Zachary Dassow, was engaged in at the time of his fall.

14.     That at all times relevant and material, Defendant RYAN, owed a duty to exercise a reasonable degree of care and caution in the performance, management, control, supervision, and inspection of the construction work being performed on the Premises in order to avoid injuries to those lawfully on the Premises, including the Plaintiff, Zachary Dassow.

15.     That at all time relevant hereto the Defendant, RYAN, was an "employer" as that term is defined by Wis. Stats. §101.01 and §101.11 for the property where the Plaintiff was injured.

16.     That despite said duty, Defendant RYAN, by and through its agents, apparent agents, and/or employees, in violation of Wis. Stats. §101.11, was negligent in one or more of the following ways:

6

(a)     Failed to construct, repair, and maintain the building so as to render it safe; or

(b)     Failed to furnish a place of employment, which was a safe place for employees therein and for frequenters thereof; or

(c)     Failed to furnish and use safety devices and safeguards; or

(d)     Failed to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe; or

(e)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(f)     Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(g)     Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(h)     Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(i)     Improperly removed cattle gates; or

(j)     Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(k)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(l)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(m)     Failed to properly supervise the work being done on the aforesaid premises; or

7

(n)    Failed to stop the work when injury to the Plaintiff was imminent; or

(o)    Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

(p)    Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(q)    Failed to do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of the aforesaid place of employment.

17.    That as a direct and proximate cause of one or more of the Defendant, RYAN's, aforementioned acts of negligence and statutory violations, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature, suffered disability, loss of a normal life, lost earnings, and other losses, including his death on July 10, 2019.

18.    The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.    Presley Daniels, daughter.

19.    Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

8

20.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Ryan Companies US, Inc., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

**Count II – Survival Act – Premises Liability**
**Daniels v. Ryan Companies US, Inc.**

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Ryan Companies US, Inc., a foreign corporation, (hereinafter "RYAN") states as follows:

1-16.   Plaintiff restates and realleges paragraphs one through sixteen of Count I as paragraphs one through sixteen of this Count II.

17.    That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary, which resulted in medical treatment, injuries, and conscious pain and suffering prior to his passing on July 10, 2019, and had he survived he would have been entitled to bring an action for damages for such injuries.

9

18.    Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to <u>Wis. Stats.</u> § 895.01 and 895.03.

19.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Ryan Companies US, Inc., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

### Count III – Wrongful Death (Construction Negligence)
### Daniels v. Ryan Companies US, Inc.

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Ryan Companies US, Inc., a foreign corporation, (hereinafter "RYAN") states as follows:

1.    At all times relevant and material, the Defendant, RYAN, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.    At all times relevant and material, the Defendant RYAN, was a construction company doing business in the State of Wisconsin.

3.    At all times relevant and material, the Defendant RYAN, regularly transacted business in the County of Milwaukee, State of Wisconsin.

10

4.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN, was the general contractor for a commercial alteration, construction, and/or addition to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN employed various individuals and/or agents who controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN, by and through their agents and/or employees, were present during the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

7.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN coordinated and/or participated in coordinating the work performed at the Premises and delegated work methods, maintained and monitored work progress, supervised safety and equipment, and participated in the scheduling of and inspection of work.

8.      That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN had the ability to stop work, refuse work, materials, and equipment, and order changes in the manner in which work was being performed at the Premises if the work performed was done in a dangerous manner.

11

9.     That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN had the responsibility to respond and address complaints regarding the work performed at the Premises.

10.     That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

11.     That on or about July 10, 2019, and at all times relevant and material, Defendant RYAN had a duty to exercise reasonable care in the construction, operation, inspection, and placement, including but not limited to the provision of safe conditions, personnel, interventions, and equipment for those working on the premises, including but not limited to the Decedent.

12.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises and was employed by Lewis Construction, Inc.

13.     That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

14.     Zachary Dassow suffered a 50 foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

15.     That despite said duty, Defendant RYAN, by and through their agents and/or employees, was negligent in one or more of the following ways:

> (a)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in the exercise of ordinary care, should have known,

12

that said inspection was necessary to prevent injury to the Plaintiff; or

(b) Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c) Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(d) Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(e) Improperly removed cattle gates; or

(f) Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(g) Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(h) Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(i) Failed to properly supervise the work being done on the aforesaid premises; or

(j) Failed to stop the work when injury to the Plaintiff was imminent; or

(k) Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

(l) Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(l) Failed to protect Plaintiff from falling or driving through the wall opening.

13

16.     That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature resulting in his death on July 10, 2019.

17.     The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.     Presley Daniels, daughter.

18.     Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

19.     Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Ryan Companies US, Inc., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

## Count IV – Survival Act (Construction Negligence)
### Daniels v. Ryan Companies US, Inc.

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Ryan Companies US, Inc., a foreign corporation, (hereinafter "RYAN") states as follows:

1-15.   Plaintiff restates and realleges paragraphs one through fifteen of Count III as paragraphs one through fifteen of this Count IV.

16.   That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary which resulted in medical treatment and conscious pain and suffering prior to his passing on July 10, 2019 and had he survived he would have been entitled to bring an action for damages for such injuries.

17.   Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

18.   Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Ryan Companies US, Inc., a

15

foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

## Count V – Wrongful Death – Premises Liability
### Daniels v. Amazon.com Services, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Amazon.com Services, LLC, a foreign corporation, (hereinafter "AMAZON") states as follows:

1.    At all times relevant and material, the Defendant, AMAZON, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.    At all times relevant and material, the Defendant AMAZON, was a construction company, building contractor, Premises owner, or employer engaged in the business of construction work in the State of Wisconsin.

3.    At all times relevant and material, the Defendant AMAZON, regularly transacted business in the County of Milwaukee, State of Wisconsin.

4.    That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, contracted to perform, control, or oversee, certain construction services to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.    That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON employed various individuals and/or agents who controlled the

design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON owned, possessed, operated, managed, inspected, planned, maintained, and controlled, the commercial alteration and/or addition to the building on the Premises.

7.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had a duty to use ordinary care in their ownership, possession, operation, management, inspection, planning, maintenance, design, and control of the Premises for the safety of those lawfully on the Premises, including Zachary Dassow.

8.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

9.      That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises to perform construction work.

10.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was an employee, frequenter, and/or invitee, as these terms are defined in Wis. Stats. §101.01, at the Premises where his injury occurred.

17

11.     That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

12.     Zachary Dassow suffered a 50-foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

13.     That on or about July 20, 2019, the Defendant, AMAZON, retained control of the work, including the work that the Plaintiff, Zachary Dassow, was engaged in at the time of his fall.

14.     That at all times relevant and material, Defendant AMAZON, owed a duty to exercise a reasonable degree of care and caution in the performance, management, control, supervision, and inspection of the construction work being performed on the Premises in order to avoid injuries to those lawfully on the Premises, including the Plaintiff, Zachary Dassow.

15.     That at all time relevant hereto the Defendant, AMAZON, was an "employer" as that term is defined by Wis. Stats. §101.01 and §101.11 for the property where the Plaintiff was injured.

16.     That despite said duty, Defendant AMAZON, by and through its agents, apparent agents, and/or employees, in violation of Wis. Stats. §101.11, was negligent in one or more of the following ways:

> (a) Failed to construct, repair, and maintain the building so as to render it safe; or
>
> (b) Failed to furnish a place of employment, which was a safe place for employees therein and for frequenters thereof; or

18

(c)    Failed to furnish and use safety devices and safeguards; or

(d)    Failed to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe; or

(e)    Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(f)    Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(g)    Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(h)    Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(i)    Improperly removed cattle gates; or

(j)    Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(k)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(l)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(m)    Failed to properly supervise the work being done on the aforesaid premises; or

(n)    Failed to stop the work when injury to the Plaintiff was imminent; or

(o)    Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

19

(p)    Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(q)    Failed to do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of the aforesaid place of employment.

17.    That as a direct and proximate cause of one or more of the Defendant, AMAZON's, aforementioned acts of negligence and statutory violations, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature, suffered disability, loss of a normal life, lost earnings, and other losses, including his death on July 10, 2019.

18.    The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.    Presley Daniels, daughter.

19.    Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

20.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Amazon.com Services, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

**Count VI – Survival Act – Premises Liability**
**Daniels v. Amazon.com Services, LLC**

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Amazon.com Services, LLC, a foreign corporation, (hereinafter "AMAZON") states as follows:

1-16.   Plaintiff restates and realleges paragraphs one through sixteen of Count V as paragraphs one through sixteen of this Count VI.

17.   That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary, which resulted in medical treatment, injuries, and conscious pain and suffering prior to his passing on July 10, 2019, and had he survived he would have been entitled to bring an action for damages for such injuries.

18.   Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

21

19.     Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Amazon.com Services, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

## Count VII – Wrongful Death (Construction Negligence)
### Daniels v. Amazon.com Services, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, AMAZON.COM SERVICES, LLC, a foreign corporation, (hereinafter "AMAZON") states as follows:

1.     At all times relevant and material, the Defendant, AMAZON, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.     At all times relevant and material, the Defendant AMAZON, was a company doing business in the State of Wisconsin.

3.     At all times relevant and material, the Defendant AMAZON, regularly transacted business in the County of Milwaukee, State of Wisconsin.

22

4.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, was the owner, operator, and manager of a commercial alteration, construction, and/or addition to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON employed various individuals and/or agents who controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, by and through their agents and/or employees, were present during the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

7.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON coordinated and/or participated in coordinating the work performed at the Premises and delegated work methods, maintained and monitored work progress, supervised safety and equipment, and participated in the scheduling of and inspection of work.

8.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had the ability to stop work, refuse work, materials, and equipment, and order changes in the manner in which work was being performed at the Premises if the work performed was done in a dangerous manner.

23

9.    That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had the responsibility to respond and address complaints regarding the work performed at the Premises.

10.   That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

11.   That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had a duty to exercise reasonable care in the construction, operation, inspection, and placement, including but not limited to the provision of safe conditions, personnel, interventions, and equipment for those working on the premises, including but not limited to the Decedent.

12.   That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises and was employed by Lewis Construction, Inc.

13.   That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

14.   Zachary Dassow suffered a 50 foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

15.   That despite said duty, Defendant AMAZON, by and through their agents and/or employees, was negligent in one or more of the following ways:

(a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in

24

the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(b)     Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c)     Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(d)     Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(e)     Improperly removed cattle gates; or

(f)     Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(g)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(h)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(i)     Failed to properly supervise the work being done on the aforesaid premises; or

(j)     Failed to stop the work when injury to the Plaintiff was imminent; or

(k)     Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

(l)     Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(l)     Failed to protect Plaintiff from falling or driving through the wall opening.

25

16.     That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature resulting in his death on July 10, 2019.

17.     The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.     Presley Daniels, daughter.

18.     Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

19.     Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, AMAZON.COM SERVICES, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

### Count VIII – Survival Act (Construction Negligence)
### Daniels v. Amazon.com Services, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, AMAZON.COM SERVICES, LLC, a foreign corporation, (hereinafter "AMAZON") states as follows:

1-15.   Plaintiff restates and realleges paragraphs one through fifteen of Count VII as paragraphs one through fifteen of this Count VIII.

16.    That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary which resulted in medical treatment and conscious pain and suffering prior to his passing on July 10, 2019 and had he survived he would have been entitled to bring an action for damages for such injuries.

17.    Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

18.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, AMAZON.COM SERVICES,

LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

**Count IX – Wrongful Death – Premises Liability**
**Daniels v. Amazon.com Services, Inc.**

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Amazon.com Services, Inc., a foreign corporation, (hereinafter "AMAZON") states as follows:

1.    At all times relevant and material, the Defendant, AMAZON, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.    At all times relevant and material, the Defendant AMAZON, was a construction company, building contractor, Premises owner, or employer engaged in the business of construction work in the State of Wisconsin.

3.    At all times relevant and material, the Defendant AMAZON, regularly transacted business in the County of Milwaukee, State of Wisconsin.

4.    That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, contracted to perform, control, or oversee, certain construction services to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.    That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON employed various individuals and/or agents who controlled the

28

design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.     That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON owned, possessed, operated, managed, inspected, planned, maintained, and controlled, the commercial alteration and/or addition to the building on the Premises.

7.     That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had a duty to use ordinary care in their ownership, possession, operation, management, inspection, planning, maintenance, design, and control of the Premises for the safety of those lawfully on the Premises, including Zachary Dassow.

8.     That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

9.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises to perform construction work.

10.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was an employee, frequenter, and/or invitee, as these terms are defined in Wis. Stats. §101.01, at the Premises where his injury occurred.

29

11.    That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

12.    Zachary Dassow suffered a 50-foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

13.    That on or about July 20, 2019, the Defendant, AMAZON, retained control of the work, including the work that the Plaintiff, Zachary Dassow, was engaged in at the time of his fall.

14.    That at all times relevant and material, Defendant AMAZON, owed a duty to exercise a reasonable degree of care and caution in the performance, management, control, supervision, and inspection of the construction work being performed on the Premises in order to avoid injuries to those lawfully on the Premises, including the Plaintiff, Zachary Dassow.

15.    That at all time relevant hereto the Defendant, AMAZON, was an "employer" as that term is defined by Wis. Stats. §101.01 and §101.11 for the property where the Plaintiff was injured.

16.    That despite said duty, Defendant AMAZON, by and through its agents, apparent agents, and/or employees, in violation of Wis. Stats. §101.11, was negligent in one or more of the following ways:

> (a) Failed to construct, repair, and maintain the building so as to render it safe; or
>
> (b) Failed to furnish a place of employment, which was a safe place for employees therein and for frequenters thereof; or

(c)     Failed to furnish and use safety devices and safeguards; or

(d)     Failed to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe; or

(e)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(f)     Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(g)     Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(h)     Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(i)     Improperly removed cattle gates; or

(j)     Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(k)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(l)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(m)     Failed to properly supervise the work being done on the aforesaid premises; or

(n)     Failed to stop the work when injury to the Plaintiff was imminent; or

(o)     Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

31

(p)   Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(q)   Failed to do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of the aforesaid place of employment.

17.   That as a direct and proximate cause of one or more of the Defendant, AMAZON's, aforementioned acts of negligence and statutory violations, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature, suffered disability, loss of a normal life, lost earnings, and other losses, including his death on July 10, 2019.

18.   The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.   Presley Daniels, daughter.

19.   Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

20.   Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Amazon.com Services, Inc., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

## Count X – Survival Act – Premises Liability
### Daniels v. Amazon.com Services, Inc.

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Amazon.com Services, Inc., a foreign corporation, (hereinafter "AMAZON") states as follows:

1-16. Plaintiff restates and realleges paragraphs one through sixteen of Count IX as paragraphs one through sixteen of this Count X.

17.   That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary, which resulted in medical treatment, injuries, and conscious pain and suffering prior to his passing on July 10, 2019, and had he survived he would have been entitled to bring an action for damages for such injuries.

18.   Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

33

19.     Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Amazon.com Services, Inc., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

### Count XI – Wrongful Death (Construction Negligence)
### Daniels v. Amazon.com Services, Inc.

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, AMAZON.COM SERVICES, INC., a foreign corporation, (hereinafter "AMAZON") states as follows:

1.     At all times relevant and material, the Defendant, AMAZON, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.     At all times relevant and material, the Defendant AMAZON, was a company doing business in the State of Wisconsin.

3.     At all times relevant and material, the Defendant AMAZON, regularly transacted business in the County of Milwaukee, State of Wisconsin.

34

4. That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, was the owner, operator, and manager of a commercial alteration, construction, and/or addition to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5. That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON employed various individuals and/or agents who controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6. That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON, by and through their agents and/or employees, were present during the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

7. That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON coordinated and/or participated in coordinating the work performed at the Premises and delegated work methods, maintained and monitored work progress, supervised safety and equipment, and participated in the scheduling of and inspection of work.

8. That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had the ability to stop work, refuse work, materials, and equipment, and order changes in the manner in which work was being performed at the Premises if the work performed was done in a dangerous manner.

9.      That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had the responsibility to respond and address complaints regarding the work performed at the Premises.

10.     That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

11.     That on or about July 10, 2019, and at all times relevant and material, Defendant AMAZON had a duty to exercise reasonable care in the construction, operation, inspection, and placement, including but not limited to the provision of safe conditions, personnel, interventions, and equipment for those working on the premises, including but not limited to the Decedent.

12.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises and was employed by Lewis Construction, Inc.

13.     That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

14.     Zachary Dassow suffered a 50 foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

15.     That despite said duty, Defendant AMAZON, by and through their agents and/or employees, was negligent in one or more of the following ways:

    (a)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in

the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(b) Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c) Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(d) Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(e) Improperly removed cattle gates; or

(f) Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(g) Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(h) Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(i) Failed to properly supervise the work being done on the aforesaid premises; or

(j) Failed to stop the work when injury to the Plaintiff was imminent; or

(k) Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

(l) Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(l) Failed to protect Plaintiff from falling or driving through the wall opening.

37

16.    That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature resulting in his death on July 10, 2019.

17.    The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.    Presley Daniels, daughter.

18.    Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

19.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, AMAZON.COM SERVICES, INC., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

38

## Count XII – Survival Act (Construction Negligence)
### Daniels v. Amazon.com Services, Inc.

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, AMAZON.COM SERVICES, INC., a foreign corporation, (hereinafter "AMAZON") states as follows:

1-15.   Plaintiff restates and realleges paragraphs one through fifteen of Count XI as paragraphs one through fifteen of this Count XII.

16.   That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary which resulted in medical treatment and conscious pain and suffering prior to his passing on July 10, 2019 and had he survived he would have been entitled to bring an action for damages for such injuries.

17.   Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

18.   Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, AMAZON.COM SERVICES,

39

INC., a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

### Count XIII – Wrongful Death – Premises Liability
### Daniels v. Commerce 94 Project, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Commerce 94 Project, LLC, a foreign corporation, (hereinafter "COMMERCE 94") states as follows:

1.    At all times relevant and material, the Defendant, COMMERCE 94, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.    At all times relevant and material, the Defendant COMMERCE 94, was a construction company, building contractor, Premises owner, or employer engaged in the business of construction work in the State of Wisconsin.

3.    At all times relevant and material, the Defendant COMMERCE 94, regularly transacted business in the County of Milwaukee, State of Wisconsin.

4.    That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE 94, contracted to perform, control, or oversee, certain construction services to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.    That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE 94 employed various individuals and/or agents who

40

controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE 94 owned, possessed, operated, managed, inspected, planned, maintained, and controlled, the commercial alteration and/or addition to the building on the Premises.

7.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE 94 had a duty to use ordinary care in their ownership, possession, operation, management, inspection, planning, maintenance, design, and control of the Premises for the safety of those lawfully on the Premises, including Zachary Dassow.

8.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE 94 designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

9.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises to perform construction work.

10.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was an employee, frequenter, and/or invitee, as these terms are defined in Wis. Stats. §101.01, at the Premises where his injury occurred.

41

11.    That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

12.    Zachary Dassow suffered a 50-foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

13.    That on or about July 20, 2019, the Defendant, COMMERCE 94, retained control of the work, including the work that the Plaintiff, Zachary Dassow, was engaged in at the time of his fall.

14.    That at all times relevant and material, Defendant COMMERCE 94, owed a duty to exercise a reasonable degree of care and caution in the performance, management, control, supervision, and inspection of the construction work being performed on the Premises in order to avoid injuries to those lawfully on the Premises, including the Plaintiff, Zachary Dassow.

15.    That at all time relevant hereto the Defendant, COMMERCE 94, was an "employer" as that term is defined by Wis. Stats. §101.01 and §101.11 for the property where the Plaintiff was injured.

16.    That despite said duty, Defendant COMMERCE 94, by and through its agents, apparent agents, and/or employees, in violation of Wis. Stats. §101.11, was negligent in one or more of the following ways:

> (a) Failed to construct, repair, and maintain the building so as to render it safe; or
>
> (b) Failed to furnish a place of employment, which was a safe place for employees therein and for frequenters thereof; or

(c)     Failed to furnish and use safety devices and safeguards; or

(d)     Failed to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe; or

(e)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(f)     Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(g)     Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(h)     Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(i)     Improperly removed cattle gates; or

(j)     Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(k)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(l)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(m)     Failed to properly supervise the work being done on the aforesaid premises; or

(n)     Failed to stop the work when injury to the Plaintiff was imminent; or

(o)     Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

43

(p)    Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(q)    Failed to do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of the aforesaid place of employment.

17.    That as a direct and proximate cause of one or more of the Defendant, COMMERCE 94's, aforementioned acts of negligence and statutory violations, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature, suffered disability, loss of a normal life, lost earnings, and other losses, including his death on July 10, 2019.

18.    The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.    Presley Daniels, daughter.

19.    Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

20.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

44

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Commerce 94 Project, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

**Count XIV – Survival Act – Premises Liability**
**Daniels v. Commerce 94 Project, LLC**

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, Commerce 94 Project, LLC, a foreign corporation, (hereinafter "COMMERCE 94") states as follows:

1-16.   Plaintiff restates and realleges paragraphs one through sixteen of Count XIII as paragraphs one through sixteen of this Count XIV.

17.   That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary, which resulted in medical treatment, injuries, and conscious pain and suffering prior to his passing on July 10, 2019, and had he survived he would have been entitled to bring an action for damages for such injuries.

18.   Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

45

19.     Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, Commerce 94 Project, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

### Count XV – Wrongful Death (Construction Negligence)
### Daniels v. Commerce 94 Project, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, COMMERCE 94 PROJECT, LLC, a foreign corporation, (hereinafter "COMMERCE") states as follows:

1.     At all times relevant and material, the Defendant, COMMERCE, was a foreign corporation registered and authorized to do business in the State of Wisconsin.

2.     At all times relevant and material, the Defendant COMMERCE, was a company doing business in the State of Wisconsin.

3.     At all times relevant and material, the Defendant COMMERCE, regularly transacted business in the County of Milwaukee, State of Wisconsin.

46

4.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE, was the owner, operator, and manager of a commercial alteration, construction, and/or addition to the building located at 9700 South 13th Street, Oak Creek, WI 53154 (hereinafter referred to as the "Premises").

5.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE employed various individuals and/or agents who controlled the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

6.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE, by and through their agents and/or employees, were present during the design, planning, management, supervision, construction, alteration and/or removal of the building on the Premises.

7.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE coordinated and/or participated in coordinating the work performed at the Premises and delegated work methods, maintained and monitored work progress, supervised safety and equipment, and participated in the scheduling of and inspection of work.

8.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE had the ability to stop work, refuse work, materials, and equipment, and order changes in the manner in which work was being performed at the Premises if the work performed was done in a dangerous manner.

9.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE had the responsibility to respond and address complaints regarding the work performed at the Premises.

10.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE designed, implemented, constructed, operated and/or supervised the placement, alteration, repair and/or removal of the building at the Premises.

11.     That on or about July 10, 2019, and at all times relevant and material, Defendant COMMERCE had a duty to exercise reasonable care in the construction, operation, inspection, and placement, including but not limited to the provision of safe conditions, personnel, interventions, and equipment for those working on the premises, including but not limited to the Decedent.

12.     That on or about July 10, 2019, the Decedent, Zachary Dassow, was lawfully on the Premises and was employed by Lewis Construction, Inc.

13.     That on or about July 10, 2019, while performing his work duties, Zachary Dassow was operating an ATV on the fourth floor of the Premises and was allowed or caused to fall out of a wall opening.

14.     Zachary Dassow suffered a 50 foot fall to the ground, resulting in severe personal injuries and, ultimately, death.

15.     That despite said duty, Defendant COMMERCE, by and through their agents and/or employees, was negligent in one or more of the following ways:

      (a)     Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew or, in

48

the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the Plaintiff; or

(b) Improperly operated, managed, maintained, supervised, and/or controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured; or

(c) Failed to provide the Plaintiff with safe, suitable, and proper work conditions; or

(d) Improperly caused or contributed to causing unsafe, unsuitable, and improper work conditions; or

(e) Improperly removed cattle gates; or

(f) Failed to ensure that the cattle gates were in place while Plaintiff operated the ATV; or

(g) Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew or, in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff; or

(h) Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully on said premises; or

(i) Failed to properly supervise the work being done on the aforesaid premises; or

(j) Failed to stop the work when injury to the Plaintiff was imminent; or

(k) Allowed, permitted, and/or directed the Plaintiff to work in the area of the unprotected wall opening; or

(l) Failed to provide safe, suitable, and proper equipment and/or support for the Plaintiff when working in the area of the unguarded wall opening on the work site; or

(l) Failed to protect Plaintiff from falling or driving through the wall opening.

49

16.    That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary nature resulting in his death on July 10, 2019.

17.    The Decedent left surviving him various people who were his next of kin, including, but not limited to:

a.    Presley Daniels, daughter.

18.    Zachary Dassow's next of kin suffered personal and pecuniary injuries as a result of his death, including the loss of companionship and society, grief, sorrow, and mental anguish. Further, Zachary Dassow's estate was diminished by virtue of the medical, hospital, and funeral expenses, as well as wage loss, that were incurred as a result of Defendant's negligent acts or omissions, subjecting the Defendant to liability pursuant to Wis. Stat. § 895.04.

19.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, COMMERCE 94 PROJECT, LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

50

## Count XVI – Survival Act (Construction Negligence)
## Daniels v. Commerce 94 Project, LLC

NOW COMES the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, by and through her attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and complaining of the Defendant, COMMERCE 94 PROJECT, LLC, a foreign corporation, (hereinafter "COMMERCE") states as follows:

1-15.    Plaintiff restates and realleges paragraphs one through fifteen of Count XV as paragraphs one through fifteen of this Count XVI.

16.    That as a direct and proximate cause of one or more of the aforementioned acts of negligence, the Decedent, Zachary Dassow, sustained severe and debilitating injuries of personal and pecuniary which resulted in medical treatment and conscious pain and suffering prior to his passing on July 10, 2019 and had he survived he would have been entitled to bring an action for damages for such injuries.

17.    Zachary Dassow left surviving him, his daughter, Presley Daniels, who is entitled to bring this cause of action pursuant to Wis. Stats. § 895.01 and 895.03.

18.    Attached as Exhibit "A" as evidence of her right to bring this action, is a copy of the Order appointing DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, from the Waukesha County Circuit Court.

WHEREFORE, the Plaintiff, DAKOTA DANIELS, As Informal Administrator of the Estate of ZACHARY DASSOW, Deceased, and as next friend for PRESLEY DANIELS, demands judgment against the Defendant, COMMERCE 94 PROJECT,

51

LLC, a foreign corporation, in an amount in excess of $50,000.00 plus costs as provided by statute.

Respectfully submitted,

**Taxman, Pollock Murray & Bekkerman, LLC**

By: _____
Mackenzie J. Mahony

SBN: 1124674
Attorney for Plaintiffs
Sean P. Murray
Chester L. Cameron, Jr.
Mackenzie J. Mahony
TAXMAN, POLLOCK, MURRAY
& BEKKERMAN, LLC
225 West Wacker Drive, Suite 1650
Chicago, IL 60606
312-586-1700
smurray@tpmblegal.com
ccameron@tpmblegal.com
mmahony@tpmblegal.com